## Swain Nelson v. Paul Fehd.

1. HIGHWAYS—*Right of Abutting Owner to Drain Into.*—An abutting owner has a right to do what is necessary for the drainage of his land into the road, provided he does not interfere with the use of the highway, rendering it less safe, useful, convenient or excellent as a public thoroughfare.

2. SAME—*Ditches Constituting Obstructions.*—If a ditch dug by an abutting owner is an obstruction of the road, then his acts are unlawful.

3. NUISANCES—*Obstruction of Highway by Private Person.*—An obstruction by a private person of a public highway is, at common law, not only unlawful, but a nuisance.

4. EVIDENCE—*Questions as to Merely Evidential Facts.*—Questions as to merely evidential facts should not be submitted to a jury.

5. SAME—*As to Degree of Preponderance.*—The court is not required to instruct the jury that certain facts must be *clearly* shown by a preponderance of the evidence.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTHINSON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed November 11, 1902.

Appellant, being the owner of certain premises abutting upon a public highway, in the town of Northfield, in the county of Cook, for the purpose of draining his land, dug, or, more strictly speaking, deepened a ditch alongside said highway. Appellee, riding in a buggy on a dark and misty night along this road, was injured by the accidental overturning of his carriage, opposite a portion of the ditch so dug by appellant.

Upon suit brought, appellant's declaration was amended so as to read in part as follows:

Nelson v. Fehd.

" And the plaintiff, on the day aforesaid, was, with all due care and caution for his own safety, driving in his certain buggy on and along a certain public highway, and known as Lake street, in said town of Northfield aforesaid, which said highway ran past and was adjacent to the south line of the property occupied by said Nelson, above described, and the defendant, acting in an unlawful and improper manner, dug and constructed, or caused to be dug and constructed a certain ditch in said Lake street, in front of his said premises aforesaid, so that the buggy in which the plaintiff was then and there driving slipped and slid into said ditch aforesaid, and the plaintiff was then and there with great force and violence thrown from said buggy into said ditch aforesaid, and the horse of the plaintiff was then and there thrown and fell upon the plaintiff, by means whereof the plaintiff was greatly hurt, bruised and wounded, particularly in his left leg, which was then and there broken in three places."

At the trial the court, at the instance of the defendant, submitted to the jury the following special interrogatory: " Was it by reason of that part of the ditch excavated by the defendant, Nelson, that the plaintiff's wagon was overturned ?"   To which the jury answered " Yes."   There was a verdict and judgment of $1,200 for the plaintiff.

HUGH L. BURNHAM, attorney for appellant.

CLARENCE S. DARROW and PHILIP S. BROWN, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Appellant contends that the dimensions of the ditch dug by Nelson were such, it being a deepening of that made by the highway commissioners, that the evidence shows the wagon did not slip or slide into the deepening made by appellee.   The evidence is to the effect that by the accident the buggy was completely overturned, all four wheels being in the air.   Appellant urges that the relative dimensions of the buggy and ditch dug by him were, as shown by the evidence, such that if any portion of the buggy had

slid or slipped into the said ditch it could not have been left completely overturned with the wheels in the air.

We are not prepared, as a matter of physics or natural law, to accede to this claim. In what position a light, one-horse spring wagon, sliding sidewise, or side and corner-wise, so that one wheel of it entered such a ditch as was dug by appellant, would come to rest after one man had jumped and two others been thrown or jumped therefrom, and the horse attached thereto had fallen into the ditch with his feet in the air, is a thing no one can tell.

If one or more of the right-hand wheels of the buggy had slid so as to be within the ditch dug by appellant; that these wheels might not, by all the forces operating upon the vehicle, have been moved up so as to be out of such ditch with the carriage completely upset and all four wheels in the air, the evidence did not show, and so far as we are aware no law of physics proves. The special finding of the jury is conclusive as to the cause of the accident. This court can not, upon the record here presented, say that it did not happen in the manner described in the declaration.

Appellant had a right upon this road to do that necessary for the drainage of his lands, provided he did not interfere with the use of the highway, rendering it less safe, useful, convenient or excellent as a public thoroughfare. Postal Telegraph Co. v. Eaton, 170 Ill. 513; Elliot on Roads and Streets, 119.

If the ditch dug by appellant was an obstruction of this road, then his acts were unlawful. Sec. 71, Chap. 121, R. S.; Town of Canoe Creek v. McEniry, 23 Ill. App. 227; Boyd v. The Town of Farm Ridge, 103 Ill. 408.

Whether it was so was a question of fact for the jury.

An obstruction by a private person of a public highway is, at common law, not only unlawful but a nuisance. Elliot on Roads and Streets, 476. It is also unlawful because forbidden by statute.

The court properly refused to require the jury to answer specially whether the right hand wheel of plaintiff's wagon entered the ditch excavated by Nelson.

Questions as to merely evidential facts should not be submitted to a jury.    Treffert v. Ohio & M. R. R. Co., 36 Ill. App. 93.

Nor was the court required to instruct the jury, as asked, that certain facts must be clearly shown by a preponderance of the evidence, or that the plaintiff exercised that degree of care which a prudent man would ordinarily exercise "in driving along a country road in the dark." Crabtree v. Reed, 50 Ill. 206.

The plaintiff's leg was broken in three places; the judgment is not, under the evidence, excessive.

The judgment of the Superior Court is affirmed.