## HETTIE DAVIS, Appellant, v. BENJAMIN THOMPSON et al., Respondents.

**Kansas City Court of Appeals, December 7, 1908.**

1. **ROADS AND HIGHWAYS: Adjoining Proprietor's Rights: Temporary Use.** The adjoining proprietor has a right to place on the side of a highway for temporary convenience the wire which is torn from the fences and rolled up into rolls, although the same may tend to frighten ordinarily gentle horses and so interfere with the rights of the traveling public.

2. ————: ————: ————: **Negligence: Jury.** As a rule negligence is a question for the jury but it becomes a question of law where the facts are undisputed.

3. ————: ————: ————: ————: ————. A farmer tore the wire from the posts of his fences and rolled it up into rolls and deposited it on the side of the road, finishing about noon and directed his workmen to come in the afternoon and remove it. About two o'clock plaintiff passed in a wagon and the horses were frightened by the wire and she was injured. *Held*, the farmer was not negligent in removing the wire.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker*, Judge.

AFFIRMED.

*Hall & Hall* for appellant.

(1) The bale of wire unnecessarily left lying in the highway by defendant's employees was calculated to frighten horses of ordinary gentleness and was a nuisance, and defendants are liable for damages resulting to plaintiff by reason of the injury she received, resulting from the defendants unnecessarily leaving the wire in the highway. 15 Am. & Eng. Ency. of Law (2nd Ed.), 446. Ayer v. Norwich, 39 Conn. 376, 12 Am. Rep. 396; Piollet v. Simmers, 103 Penn. St. 95, 51 Am. Rep. 496; Jewett v. Gage, 55 Me. 538, 92 Am. Dec. 615; Barnes v. Chapin, 4 Allen (Mass.) 444, 81 Am. Dec. 710; Foshay v. Glen Haven, 25 Wis. 288, 3 Am. Rep. 73; Bennett v.

Lovell, 12 R. I. 166, 34 Am. Rep. 628; North Manheim Township v. Arnold, 119 Penn. St. 380, 4 Am. St. Rep. 651; Morse v. Richmond, 41 Vt. 435, 98 Am. Dec. 600; Lynn v. Hooper, 93 Me. 46, 47 L. R. A. 752; Card v. Ellsworth, 65, Me 547, 20 Am. Rep. 722; Golden v. Railroad, 84 Mo. App. 59; McClure v. Feldman, 184 Mo. 710; Rushville v. Adams, 107 Ind. 476, 57 Am. Rep. 126. (2) The court erred in sustaining the demurrer to the evidence. It was for the jury to determine whether or not defendants were guilty of such negligence as to render them liable. 15 Am. & Eng. Ency. of Law (2 Ed.), 446; Lake v. Milliken, 62 Me. 240, 16 Am. Rep. 456; Ayer v. Norwich, 39 Conn. 376, 12 Am. Rep. 396. (3) While the abutting property-owners have the right to the use of the public road for ingress and egress, and to temporarily deposit material therein for the purpose of improvements and repairs, he has no such right unless it is actually necessary and in this case it was not necessary that the defendants should have left the wire lying in the road. As shown by the evidence it could have been just as easily rolled out in the field where there would have been no danger of it frightening passing teams. This is a question of fact for the jury and not a question of law. 15 Am. & Eng. Ency. of Law, 446; Elliott on Roads and Streets, 717; Christman v. Meierhoffer, 116 Mo. App. 46; Corby v. Railroad, 150 Mo. 469; Callanan v. Gilman, 107 N. Y. 360, 1 Am. St. Rep. 831, 840; Lake v. Milliken, 62 Me. 240, 16 Am. Rep. 456, 459; Knight v. Glove Mfg. Co., 38 Conn. 438, 9 Am. Rep. 406, 408. (4) The evidence adduced by plaintiff was sufficient to support the issues, and where there is any evidence tending to support the issues, although slight, it should be submitted to the jury, and the trial court erred in sustaining the demurrer to the evidence, and directing the jury to return a verdict for the defendant. Matthews v. Elevator Co., 50 Mo. 149; Holliday v. Jones, 59 Mo. 482; Cook v. Railroad, 63 Mo. 402; Baum v. Fryrears, 85 Mo. 151; Moody v. Deutsch, 85 Mo. 243; Groll v. Tower, 85 Mo. 251; Hazell

v. Bank, 95 Mo. 60; Montgomery v. Railroad, 181 Mo. 504; Hadley v. Orchard, 77 Mo. App. 148; Tapley v. Herman, 95 Mo. App. 545; Car v. Ubsdell, 97 Mo. App. 326, 331; Morrow v. Car Co., 98 Mo. App. 351, 356.

*J. W. Peery, E. M. Harber* and *A. G. Knight* for respondents.

(1) Under the evidence in this case the right of the defendants as abutting owners, to use a part of the highway in the repair of their fence, was an absolute right, and this right could be exercised in derogation of the right of the public to use the highway. The rolling of the wire by defendants and leaving it on the right of way of the road was not unlawful. It was their legal right to do this, and the mere fact that horses might take fright at the wire does not make them liable unless they left it there for an unreasonable length of time. Loberg v. Amherst, 87 Wis. 69; Golden v. Railroad, 84 Mo. App. 59; Poillet v. Simmers, 106 Pa. St. 95; 15 Am. & Eng. Enc. L. (2 Ed.), p. 497; Macomber v. Nichols, 34 Mich. 212; Alleghany v. Zimmerman, 95 Pa. St. 287; Callanan v. Gilman, 107 N. Y. 360, 1 Am. St. Rep. 831, 840; Clark v. Fry, 8 Ohio St. 358, 72 Am. Dec., 590; District of Columbia v. Moulton, 182 U. S. 576, 45 Law Ed. 1237. (2) Where, as in this case, the material had only been allowed to remain on the margin of the highway while the work was in progress, and the accident occurred within an hour, or at most, within two hours after the work had been completed, the question of negligence, and of whether the wire was allowed to remain upon the highway an unreasonabe time, was one of law for the court. Loberg v. Amherst, 87 Wis. 634, 41 Am. St. Rep. 69; Dist. of Col. v. Moulton, 182 U. S. 576, 45 Law Ed. 1237; Callahan v. Warne, 40 Mo. 131; Ryan v. McCully, 123 Mo. 636; Keown v. Railroad, 141 Mo. 86; O'Malley v. Railroad, 113 Mo. 319. (3) Where the question is one of reasonable time, it is ordinarily for the jury; but the time may be so short that the court may as a matter of law declare it to be reasonable, or so long that it may de-

clare it unreasonable. Loberg v. Amherst, 87 Wis. 634; Branson v. Turner, 77 Mo. 489; Manley v. Crescent Co., 103 Mo. App. 135; Drum-Flato Co. v. Bank, 107 Mo. App. 426; McKeen v. Bank, 74 Mo. App. 281; Rub. Co. v. Mon. R. Co., 74 Mo. App. 266; Fullerton v. Fordyce, 144 Mo. 519; Dis. of Col. v. Moulton, 182 U. S. 576.

BROADDUS, P. J.—This case was transferred to the Supreme Court on the ground that a constitutional question was involved, but the court held otherwise and retransferred it to this court. As a full statement of the case was made by BURGESS, J., who delivered the opinion, we adopt it for the sake of convenience. It is as follows:

"This is a suit for damages for injuries sustained through the alleged negligence of the defendants. The petition alleges in substance that the defendants, in person and by their agents and employees, on the 10th day of May, 1904, carelessly and negligently and unlawfully placed a large roll or bundle of fencing wire in a public highway, described in the petition, and near the traveled portion of said highway, and carelessly and negligently and unnecessarily permitted the same to remain therein; that said roll or bundle of wire, so placed in said highway, was calculated to frighten reasonably safe and quiet horses and teams traveling along said highway; that the defendants and their agents and employees well knew the dangerous character of said wire when so left in said highway, and that it was likely to frighten reasonably safe and quiet horses and teams, etc. The petition then alleges that while plaintiff, on the date aforesaid, was passing along said highway, the team attached to the conveyance in which she was riding became frightened at said wire and ran away, and that plaintiff was thrown out and injured, for which injuries she asked judgment for damages in the sum of $3,000. The answer to the petition was a general denial.

"The evidence showed that defendant Porter A. Thompson, a resident of the city of St. Joseph, owned

a large farm near Brimson, Grundy county, which was occupied and managed by his codefendant, Benjamin Thompson, and that the public road in question ran along a part of said farm.  On the day in question it became necessary in their farming operations to remove the wire from the fence on their land along the side of this highway to another part of the farm.  The wire was attached to the posts on the outside, or side next the highway, and the usual and ordinary method of performing such work was to detach the wire from the posts and roll it up in convenient bundles along the outside of the fence.  The farm hands of defendants commenced this work in the morning, finished it about noon, and went to dinner without removing the bundles of wire up to that time.

"Plaintiff was a maiden lady, about sixty-nine years of age, living with her brother-in-law, Joseph Marshall, about four miles south of Brimson.  On the morning in question she, in company with three other women, drove in a spring wagon from Joseph Marshall's to the home of Oscar Hughes, about a mile north of Brimson, the vehicle being drawn by a team of old farm horses owned and used by Marshall for eight or ten years.  As they passed by the place on the road where the men employed by defendants were taking the wire off the fence and rolling it up, the team shied at a bundle of wire lying four or five feet from the traveled track, but did not attempt to run away at that time. The women got to the house of Mr. Hughes about nine o'clock and stayed there till about two o'clock when they started back towards home.  Just before the team reached the place where the wire lay, frightened by the bundle of wire lying a few feet from the traveled track, the horses turned quickly around, breaking the wagon tongue, and Martha Marshall who was driving was thrown out of the wagon.  The team ran away, and plaintiff and the other woman who remained with her in the wagon were soon afterwards

134 App—2

thrown out. Plaintiff was rendered unconscious by the fall. The bone of her right wrist was broken, her hip and leg bruised, and her face cut and bruised. She was taken to Hughes' house, where she remained about twenty-five days under treatment of the doctors, and was then taken home, and suffered and was more or less disabled up to the time of the trial. The evidence showed that three or four other teams passed by the place on the road where the wire lay that morning, and that all were more or less frightened thereat. It also appears that Benjamin Thompson instructed the men to remove the wire after dinner, and that they started to do so, but that the accident occurred before the men arrived there with a wagon for the purpose of removing the wire.

"At the close of the evidence for plaintiff, the court, at the instance of defendants, gave a peremptory instruction to the jury to find for the defendants, and a verdict was returned accordingly. The court rendered judgment in favor of defendants, and plaintiff, after unsuccessful motion for new trial and in arrest, appealed."

We think that there can be no serious controversy but that the defendant had the right to place the wire on the side of the highway adjoining his property temporarily for convenience. It was so held by this court in Golden v. Railroad, 84 Mo. App. 59. In Loberg v. Town of Amherst (Wis.), 58 N. W. 1048, it was held that defendant had the right, as abutting property-owner, to use temporarily a reasonable portion of the street for the deposit of material, while necessarily used in plastering his house. In Cairncross v. Pewaukee, 78 Wis. 66, it is said "The purpose for which a thing is in the street must and does determine in many cases whether it is there rightfully or not." In Poilett v. Simmers, 106 Pa. St. 95, the court said "As we understand the law, there is an absolute right in a property-owner to use a portion of the public highway for certain purposes for a temporary period and in a reasonable manner, and this right may be

exercised in derogation of the rights of the traveling public."

The placing of the wire in the highway by defendant, which was calculated to frighten horses of ordinary gentleness, did not of itself constitute negligence. [MacComber v. Nichols, 34 Mich. 212.] In principle, so is the case of Dist. of Columbia v. Moulton, 182 U. S. 576.

We have examined the decisions of many of the States and it seems to be the universal rule that an abutting property-owner may occupy a portion of a public highway in a case of necessity for temporary purposes. But, it seems to be as equally well settled, that such occupation must not continue beyond a reasonable time after the necessity for such occupancy has ceased, which would depend upon the circumstances of each case. It is, therefore, only a question of diligence, which is a question of law and fact. All the authorities hold that such obstructions in a highway must be removed within a reasonable time. In Golden v. Railroad, supra, the obstruction was permitted to remain in the highway for two weeks. Held, to be a unreasonable time and judgment of the lower court against defendant was affirmed. In Loberg v. Town of Amherst, supra, the obstruction had remained in the highway for two days. Held, that, under the evidence, it became a question of law, there being no unreasonable delay shown in removing the obstruction. In Lynn v. Hooper (Me.), 44 Atl. 127, the obstruction had remained on the margin of the road for several days. Held, that defendant was liable. In No. Manheim Township v. Arnold (Pa. St.), 13 Atl. 444, it appeared that the highway officers had notice of the obstruction in the highway and could have removed it. Held, that the town was liable. While such cases do not furnish any particular rule to be followed in all cases, because all cases are not alike on the facts, they serve in a general way, a useful purpose by way of analogy whereby we may be aided in determining whether on the

evidence in a given case negligence or diligence has been shown as a matter of law.

Notwithstanding that negligence, as a general rule, is a question of evidence for the jury, it may become a question of law for the court. The reports of this State show many such instances. In Manley v. Crescent Mfg. Co., 103 Mo. App. 135, it is said "The question as to whether a vendee of chattels, bought upon express warranty or by sample, exercises his right of rescission within a reasonable time, is usually a question of fact for the jury; it is for the jury where fair-minded men may reasonably differ in opinion upon it, but the time may be so short that the court may declare it reasonable, or so long that the court may declare it unreasonable, as a matter of law." In Keown v. Railroad, 141 Mo. 86, it is held that, "Whether submitted testimony tends to establish negligence is a question of law for the court."

Can it be said that the delay of the defendant in failing to have the wire removed from the highway from the time the work was completed at noon until after his laborers had gone and gotten their dinners tended to show negligence? It seems to us there can exist no difference among fair-minded men upon that question. The time was so short that we think the court was justified in declaring, as a matter of law, that the delay was not unreasonable, and that the defendant acted as a reasonably prudent man, in the exercise of ordinary care, would have acted in similar circumstances. Otherwise, he would be required to have acted with the highest degree of diligence. He followed the usual course in allowing his workmen to get their dinners as a cessation in their labor before they were required to do other work in removing the wire. He acted, not only as farmers usually do on like occasions, but also in a reasonable and prudent manner. It is not a question whether he could have acted sooner, but whether he acted as a reasonably prudent man would have acted, of which there can be no doubt. We think the court's action was proper under the

evidence in sustaining a demurrer to plaintiff's case. Other questions raised by the appeal are of no importance. Judgment affirmed. All concur.