## JOHN W. BRICKELL, Respondent, v. NEAL WILLIAMS and C. WILLIAMS, Appellants.

**Springfield Court of Appeals, June 13, 1914.**

1. **INSTRUCTION:** Refusal of One Covered by Another. A party should not be heard to complain because of the refusal of a requested instruction, where one given covers the issues more favorably than the one refused.

2. ————: Contributory Negligence: Repetition Not Necessary. An instruction on contributory negligence properly refused because covered by other instructions.

3. **PLEADING: Answer: Issue Raised.** An answer denying "each and every material allegation in plaintiff's petition except such as are hereinafter specifically admitted," is not sufficient to raise any issue except as to matters subsequently specifically alleged .

4. ————: ————: Defenses Not Raised by: Instruction Properly Refused. Defendants cannot complain of the refusal of an instruction submitting a defense not raised by the answer.

5. ————: Conclusion of the Pleader. Plaintiff's horse was injured by being struck by defendants' automobile. The answer alleged that at the time the horse was being driven in violation of a city ordinance, without specifying in what respect. This was a mere conclusion of the pleader.

6. **APPEAL AND ERROR: Contributory Negligence: Conclusiveness of the Verdict.** Where the issue of contributory negli-

gence was properly submitted to the jury and decided adversely to the defendant, being a question for the jury, the verdict will not be disturbed.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,* Judge.

AFFIRMED.

*B. J. Puckett* and *Whaley & Ing* for appellant.

(1) Contributory negligence bars recovery in this case and appellants' peremptory instruction should have been given. Raybourn v. Phillips, 160 Mo. App. 534; Zumault v. Railroads, 175 Mo. 288; Doerr v. St. Louis Brewing Ass'n,176 Mo. 547; Walsh v. Mississippi Valley Transp. Co., 52 Mo. 434; Weller v. Railroad, 120 Mo. 635; Newton v. Railroad, 152 Mo. App. 167; Butcher v. Railroad, 241 Mo. 213; Jackson v. Railroad, 171 Mo. App. 430; Burnett v. Railroad, 172 Mo. App. 51; Wheeler v. Wall, 157 Mo. App. 38; Hudson v. Railroad, 101 Mo. App. 13. (2) There was no evidence of even a single act of negligence on the part of the defendants; and it was error to instruct the jury on the question of the negligence of the defendants. Bruce v. Railroad, 163 S. W. 548. (3) The court erred in refusing to give to the jury defendants' instruction numbered 4, defining negligence under the pleadings and proof. Raybourn v. Phillips, 160 Mo. App. 534; Kirby v. Lower, 139 Mo. App. 677.

*L. M. Henson* for respondent.

(1) This case was fairly tried, the jury passed upon all the facts, the judgment was manifestly for the right party and should be affirmed. Grabill v. Bearden, 62 Mo. App. 459; Carr v. Ubsdell, 97 Mo. App. 326; Zertanna v. Gray, 102 Mo. App. 188; Blanton v. Dold, 109 Mo. 64; Bradshaw v. Cochran, 91 Mo. App. 294; Bembroke v. Railroad, 32 Mo. App. 61. (2)

The instructions, taken as a whole, were favorable to the defendants and covered every issue in the case. Sapp v. Hunter, 134 Mo. App. 685; Huff v. City of Marshall, 97 Mo. App. 542; Brown v. Railroad, 50 Mo. 461; Beall v. Railroad, 97 Mo. App. 111. (3) Plaintiff's driver was not bound to look for the automobile as he had no reason to anticipate that it would run backwards on the wrong side of the street. Crawford v. Kansas City Stock Yards Co., 215 Mo. 394. (4) Defendants were required to keep a vigilant watch for vehicles drawn by animals and should have been on the other side of the street. They violated the rules of the road. Secs. 8516, 8517, 8523, R. S. 1909; Hall v. Compton, 130 Mo. App. 675.

ROBERTSON, P. J.—On the verdict of a jury in his behalf the plaintiff obtained a judgment for eighty-five dollars against the defendants for an injury to his horse necessitating it being killed, and the defendants have appealed. The printed record filed here contains 128 pages.

The accident occurred in the city of Poplar Bluff on Sunday afternoon, August 10, 1913, near the intersection of Main and Fairmount streets. At this point Fairmount street runs north and south and Main street northwest and southeast. In the center of Fairmount street a sewer ditch had been constructed, on the west side of which ditch the dirt had been piled up four or five feet high, extending to within about one hundred feet of Main street. The defendants' home was on the east side of Fairmount street about four hundred feet from the intersection of said streets. On the day of the accident the defendants with others entered their automobile, in front of their home, with the top up and the back curtain down, and in backing their automobile along the east side of Fairmount street to Main street they ran against the plaintiff's horse being driven to an ice cream wagon by a boy four-

teen or fifteen years of age by the name of Ben Sparks.
The driver of the automobile was on its right hand
side. There was considerable testimony tending to
prove that the boy did not enter the street as required
by the ordinance hereafter referred to.

Taking the testimony of the boy most favorable
to the plaintiff as true, which it is our duty to do
where a verdict has been rendered in his behalf and the
defendant has appealed, it discloses that the boy was
driving north towards the automobile on the right
hand side of Fairmount street and that he did not
discover the machine (which defendants testify was
going at about two miles per hour) until he was
within ten feet of it, that he then called to the occu-
pants but that they failed to slacken their speed until
after they had struck the animal. The driver of the
automobile testified that he did not see the animal un-
til instantly before he struck it. The ice cream wagon
had a top on it extending six or eight feet above the
ground.

The defendants, over plaintiff's objection, offered
in evidence an ordinance of the city of Poplar Bluff
providing that vehicles driven upon its public streets
should enter cross streets at the right of the intersec-
tion of the center lines, and the defendants requested
an instruction that if the jury believed from the evi-
dence that the driver of the plaintiff's animal was
driving in violation of the ordinance the plaintiff
could not recover. But the court of its own motion
gave an instruction that if the driver of the animal
did not enter Fairmount street as required by the said
ordinance and that his failure in that regard was the
direct or contributing cause of the injury, then their
verdict must be for the defendants. The instruction
given by the court properly defined the law and was
more favorable to the defendants and more clearly
submitted the issues than the one they requested; con-

sequently, the court committed no error in refusing the instruction upon that ground.

The defendants also complain of the refusal of the court to give said instruction in their behalf because it told the jury, in addition to what has been mentioned, that if they found and believed from the evidence that the driver of the animal did not have hold or control of the lines by which he could have controlled the said animal, or allowed it to get in front of and within about three feet of the automobile, while said driver was careless and looking in some other direction and was not trying to control the animal, that said acts constituted contributory negligence and that their verdict must be for the defendants. The defendants were not harmed by the refusal of this instruction because others given covered the subject of contributory negligence.

It may be said, however, in answer to all of the objections urged by the defendants here as to the instructions, except those on contributory negligence, that there is no issue tendered in the defendants' answer except that of contributory negligence. The answer of the defendants denies "each and every material allegation in plaintiff's petition alleged as fully as if they were herein set out at length, except such as are hereinafter specifically admitted." The plaintiff objected to the introduction of any testimony on behalf of the defendant for the reason that no issue was raised thereby. It has been held by the Supreme Court that this character of an answer is not sufficient to raise any issue except as to matters subsequently specifically alleged. [Dezell v. Fidelity & Casualty Co., 176 Mo. 253, 279, 75 S. W. 1102.] The answer after the part above quoted alleges the negligent manner in which it is claimed the driver of plaintiff's animal was proceeding across Fairmount street and then only alleges that at the time of the accident it was driven in violation of the ordinance, without alleging

in what respect he was violating it. This is nothing more than a conclusion of the pleader and the plaintiff objected to the introduction of the ordinance when it was offered on the ground that it was not in issue in the case. The defendants are in no position to complain of the refusal of any instruction submitting a defense not raised by their answer. The issue of contributory negligence, sought to be raised by the answer, was properly submitted and decided adversely to the defendants and, as it was a question for the jury, we cannot disturb the verdict.

Under the pleadings and the facts most favorable to the plaintiff, the judgment of the circuit court must be affirmed. *Farrington* and *Sturgis, JJ.,* concur.