630    APPELLATE COURTS OF ILLINOIS.

Kreeb v. Lake Erie & Western Railroad Co., 211 Ill. App. 630.

Fred Kreeb, Appellee, v. Lake Erie & Western Railroad Company, Appellant.

Gen. No. 6,561. (Not to be reported in full.)

Appeal from the Circuit Court of Woodford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed July 25, 1918.

## Statement of the Case.

Action by Fred Kreeb, plaintiff, against Lake Erie & Western Railroad Company, defendant, to recover for the value of four horses which had escaped through a farm crossing gateway onto defendant's track where they were killed by a passing engine. From a judgment for plaintiff for $575, defendant appeals.

STEVENS, MILLER & ELLIOTT, for appellant; JOHN B. COCKRUM, of counsel.

ORMAN RIDGELY, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 865*—when evidence as to description of another farm crossing gate claimed to be sufficient is inadmissible. In an action against a railroad company to recover for the loss of horses which escaped through a farm crossing gateway onto defendant's track and were killed by a train, and in which it was claimed that the gate was insufficient to keep out stock, evidence as to the description of another gate at the crossing claimed to be sufficient is inadmissible.

2. RAILROADS, § 856*—when expert evidence as to what is considered a sufficient farm crossing gate is admissible. In an action against a railroad company to recover for the loss of horses which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kreeb v. Lake Erie & Western Railroad Co., 211 Ill. App. 630.

escaped through a farm crossing gateway onto defendant's track and were killed by a train, and in which it was claimed that the gate, which was of wood and of the sliding kind, was insufficient to keep out stock, evidence of expert witnesses as to what was considered a sufficient gate to turn ordinary stock and how far the free end of the gate should project over the crosspiece on which it rested, when shut, was admissible.

3. EVIDENCE, § 26*—*presumption as to wisdom of courts.* Courts will not be presumed to be more ignorant than the rest of mankind.

4. EVIDENCE, § 14*—*when proof is unnecessary.* No proof is required of facts which everyone is presumed to know.

5. EVIDENCE, § 14*—*when facts may be treated as of common knowledge.* Facts may be of common knowledge and be treated as such on a trial though not within the knowledge of some well-informed members of the community.

6. APPEAL AND ERROR, § 1238*—*when error cannot be predicated on method of submission of case.* Error cannot be predicated upon the submission of a case to the jury to determine the facts from their common knowledge where such method of trial is acquiesced in by counsel on both sides.

7. RAILROADS, § 874*—*when shown that farm crossing gateway is insufficient.* The evidence was sufficient to sustain a finding that a railroad farm crossing gateway was insufficient, where it appeared that the gate was constructed of five boards 16 feet long, 6 inches wide and 2 inches thick, running lengthwise and held together by two uprights at each end and one in the middle; that the gate was heavy and was supported by crosspieces extending between two posts at the respective ends; that in closing the gate it would be swung into position and then shoved between the posts beyond which it extended from 4 to 7 inches; that in opening it was necessary to push the gate in the opposite direction a distance of from 5 to 12 inches before it would be permitted to swing towards the railroad track so as to make an opening.

8. RAILROADS, § 868*—*when shown that farm crossing gate was pushed open by horses and not by human agency.* Evidence *held* sufficient to sustain a finding that a sliding farm crossing gate, at a place where horses escaped onto a railroad track and were killed by a passing train, was opened by the horses rubbing against the end of the gate and not by human agency, where it was shown from marks on the ground that it was pushed back several inches and then pushed on the ground far enough to let the horses through.

9. RAILROADS, § 888*—*when instruction on burden of proof in action for loss of horses killed by train after escaping through gateway is sufficient.* In an action against a railroad company for dam-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

632    APPELLATE COURTS OF ILLINOIS.

Kreeb v. Lake Erie & Western Railroad Co., 211 Ill. App. 630.

ages for the death of horses which escaped through a farm crossing gateway and were killed by a passing train, and in which it was claimed that the gate was insufficient to turn stock, an instruction that there was no presumption of negligence against the defendant merely by reason of the fact that the horses went upon the railroad right of way through the gate and that the burden of proof was upon plaintiff to show that the gate was insufficient to turn stock when properly closed and because thereof the horses of plaintiff went through the gate, was sufficient.

10. RAILROADS, § 888*—*when instruction on nonliability for killing of horses escaping through gateway is sufficient.* In an action against a railroad company for the loss of horses which escaped through a farm crossing gateway and were killed by a passing train, an instruction that if the gate was left open by some third person not connected with defendant and without the knowledge of defendant there could be no recovery, was sufficient.

11. RAILROADS, § 889*—*when instruction on sufficiency of farm crossing gateway is sufficient.* In an action against a railroad company to recover damages for the loss of horses which escaped through a farm crossing gateway upon defendant's track and were killed by a passing train, and in which it was claimed that the gate, which was of the sliding kind, was insufficient, an instruction that if the jury found that the gate was a sufficient gate that could be closed in such a manner as to prevent stock pushing it open, then the company had performed its duty under the law and was not required to put a lock on it, was sufficient.

12. RAILROADS, § 889*—*when instruction on sufficiency of farm crossing gateway is sufficient.* In an action against a railroad company to recover damages for the loss of horses which escaped through a farm crossing gateway upon the railroad track and were killed by a passing train, and in which it was claimed that the gate, which was of the sliding kind, was insufficient, an instruction that if the jury found from the evidence that the gate was so constructed that it would not be held closed and prevent opening by horses or cattle pushing against it, then it would not be in compliance with the law; that the duty of a railroad company to maintain gates at farm crossings is not complied with by building a gate too short for the opening, and that if the gate was so constructed that when shut it would, on pressure of ordinary horses, swing open, then it was not a gate in compliance with the statutes, was correct.

13. APPEAL AND ERROR, § 1514*—*when improper statement of counsel is not reversible error.* The statement of counsel for plaintiff, in an action against a railroad company for the loss of horses

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which escaped through a farm crossing gateway and were killed by a passing train, in commenting on the testimony of one of the witnesses for defendant, that he had "to testify that way to hold his job," and that his living depended upon it, was not reversible error where it was not claimed that the verdict was excessive.

14. TRIAL, § 113*—*discretion of court as to prejudicial remarks of counsel.* The matter of prejudicial remarks by counsel is one which should be left largely to the sound discretion of the trial judge.

15. APPEAL AND ERROR, § 1313*—*when presumed that misconduct of counsel is not prejudicial.* It must be presumed on appeal that no misconduct of counsel materially prejudiced the opposite party unless its prejudicial nature clearly appears on the record.