CASE 11—PETITION ORDINARY—SEPTEMBER 28.

## Clark, &c., v. Hart.

98    31
d124  336

APPEAL FROM MONTGOMERY CIRCUIT COURT.

To AUTHORIZE A RECOVERY FOR INJURIES SUSTAINED BY THE FRIGHTENING OF ONE'S HORSE through the carelessness or negligence of the defendant in placing an obstacle (such as a wagonbed) in or near a passway, the petition should state facts showing a right in plaintiff to use the passway, and also showing that the thing causing the fright was so near the passway as to import negligence.

A. T. WOOD & SON FOR APPELLANTS.

Permitting objects likely to frighten horses to remain upon or in
close proximity to a passway is negligence. (Cooley on Torts, p.
630; Wharton on Negligence, sec. 107; Dillon on Mun. Corp., sec.
1007; Sanders on Negligence, pp. 61, 63; Derby v. Hill, 4 Com. B.
N. S., 556, 27 L. J. C. P., 318; Jacob's Fisher's Digest, vol. 6, p.
9372; Billman v. Indianapolis, &c., R. Co., 76 Ind., 166; s. c., 40
Am. Dec., 236; Foshay v. Town of Glenhaven, 25 Wis., 288; s. c., 3
Am. Rep., 73; Ayer v. City of Norwich, 39 Conn., 376; s. c., 12
Am. Rep., 396.)

Z. T. YOUNG FOR APPELLEE.

Appellee had the right to leave the wagon-bed on the land that he had
rented, although near the passway, and if appellant's horse be-
came frightened thereat and ran off and tore up the buggy as
charged, that fact does not give appellant a cause of action
against appellee. (Piollet v. Simmers, 106 Pa. St., 95; s. c., 51
Am. Rep., 496; Pittsburg S. Ry. Co. v. Taylor, 104 P. St., 306; s. c.,
49 Am. Rep., 580; Mallory v Griffey, 85 Pa. St., 275; Macomber v.
Nichols, 34 Mich., 212; s. c., 22 Am. Rep., 522.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted by John Clark and wife against
A. S. Hart, seeking to recover on account of injuries sustain-
ed by reason of appellee leaving a wagon-bed so near a pass-
way that it scared appellee's horse and caused it to run
away.

The material allegations of the petition are as fol-
lows: The plaintiffs say that on the 9th of August, 1893,
they resided on their own premises and that the only pass-
way they had to get to the turnpike to go to and from Mt.
Sterling, the county seat of Montgomery county, was
through the land of Nimrod Byrd, over which land there
was a passway out by the house of said Byrd; that the de-
fendant Hart had that part of the said Byrd's land rented
through and over which said passway ran, over which these

plaintiffs had a right to pass to get to the public road lead-
ing to Mt. Sterling; and that the defendant Hart on or about
said 9th of August, 1893, wrongfully, negligently and care-
lessly placed a blue wagon bed in the weeds near said pass-
way, that ran through said land, and over which these plaint-
iffs had to pass, and negligently and carelessly set said
wagon bed so near said passway that while plaintiff Julia.
was passing along said passway, it frightened plaintiff John
Clark's horse which was hitched to his buggy, and driven
by his said wife, Julia Clark, and said horse ran off with said
buggy and ran against the fence, threw plaintiff Julia Clark
out of said buggy and against the fence. The petition also
shows that said buggy was destroyed and plaintiff Julia.
severely injured.

Defendant filed a demurrer to the petition, which demur-
rer was sustained by the court, and plaintiffs failing to plead
further the petition was dismissed. To reverse that judg-
ment this appeal is prosecuted.

In order to authorize a recovery for injuries sustained by
the carelessness or negligence of a defendant by reason of
the placing of obstacles in or near a passway, such as re-
ferred to in this action, the petition should state facts show-
ing a right in plaintiff to pass along or use the road traveled,
as well as to show that the thing causing the fright was so
near the passway as to import negligence. The averment in
the petition as to the right of the plaintiff to use this passway
is but the conclusion of the pleader, and the same may be said
of the averment as to where the wagon bed was placed. A
horse might be scared by a wagon bed at so great a distance
from a road that a prudent and careful person could not
reasonably expect such a result. The petition shows that
defendant was in the legal possession of the land through

which the plaintiff was passing, and no fact is alleged show-
ing that plaintiff had a legal right to be there.

The demurrer was properly sustained. The judgment of
the court below is therefore affirmed.