CASE 42.—ACTION BY WILLIAM SCOMP AND OTHERS AGAINST THE LOUISVILLE & NASHVILLE RAILROAD COMPANY FOR DAMAGES FOR OBSTRUCTING THEIR PASSWAY AND CONSTRUCTING ADDITIONAL TRACKS AND STOPPING ITS TRAINS ON ITS RIGHT OF WAY THROUGH THEIR LANDS. —January 17.

## Louisville & Nashville R. R. Co. v. Scomp

Appeal from Boyle Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for plaintiffs. Defendant appeals. Reversed.

1.  Eminent Domain—Compensation—Additional Use of Property. Where a strip through a tract of land is condemned for railroad purposes, the railroad is not liable to the landowner for damages resulting from the laying of the additional tracks on the right of way not contemplated when the right of way was secured, in the absence of negligence in the operation of the road.

2.  Pleading—Conclusions—Ownership of Passway.—An allegation in the petition that the plaintiffs owned a passway across defendant's railway track is not a mere conclusion of law.

3.  Same—Answer—Admissions—Failure to Deny.—An allegation

Louisville & Nashville R. R. Co. v. Scomp.

in the petition that plaintiffs owned a passway over a railroad track, not denied in the answer, must be taken as true.

4. Railroads—Operation—Obstructing Private Road.—A railroad is liable to the owner of a passway over its tracks for its obstruction only where the obstruction is negligent, and not where it is required in carrying on the business in the usual and necessary way.

5. Same—Measure of Damages.—The measure of recovery for the obstruction of a passway over a railroad by the negligent operation of the road is not the decrease in the value of the property from the obstruction, but the decrease in the value of its use within five years before the filing of the action therefor.

CHARLES R. McDOWELL, attorney for appellant.

EDWARD W. HINES, CHENAULT HUGUELY, BENJAMIN D. WARFIELD, of counsel.

The whole question presented in this record is one of an attempt to be paid the second time for the natural and probable consequences estimated and covered by consequential damages in the original finding, and the price paid, to-wit: fifteen hundred dollars, where lands of little or no value were taken, is strongly persuasive of the fact that all of these matters were considered, in fact by the jury in 1864. If the court should hold otherwise, the meaning of such rule would be to allow any property owner originally paid for a right-of-way and the consequential injury, inconvenience and damage resulting therefrom, to again come into court when the traffic of the railroad increases, and again compel the railroad company to respond in damages for that for which compensation has already been made and received.

AUTHORITIES CITED.

Clark v. Hart, 98 Ky., 33; Roulston, &c., v. C. & O. Ry., 21 Ky. Law Rep., 1507; Thompson v. L. & N. R. R. Co., 23 Ky. Law Rep., 476; Illinios Cent. R. R. Co. v. Hodge, 21 Ky. Law Rep., 1479; Railroad Company v. Orr, 91 Ky., 111; White v. Chicago R. R. Co., 23 N. E., 782; 2 Wood Railway Law, pages 897, 898, sec. 256; Cummins v. Des Moines, &c., R. R. Co., 19 N. W., 270; Elliott on Railroads, sec. 1004; Miller v. Green Bay Railroad Co., 26 L R. A., 443.

JOHN W. RAWLINGS, attorney for appellees.

Louisville & Nashville R. R. Co. v. Scomp.

ROBERT HARDING, E. V. PURYEAR, JOHN C. VORIS, of counsel.

Appellees contend that the court erred in not allowing them to introduce proof and make an issue with the appellant on the question as to whether or not the appellant did, as alleged in the petition throw burning cinders or fire and soot and cause smoke to fall and be carried and thrown upon and into appellee's dwellings and buildings, injuring the appearance of same, etc.

Appellees contend that these matters were elements of damage that should have been, under proper instructions, submitted to the jury. It is true that in 1865 the land whereon this appellant has run its railroad and built its additional side tracks, and where this private passway, owned by appellee is, was condemned for railroad purposes, and consequential damages allowed appellees under the circumstances and proof introduced before the jury at that time. Appellees contend that although appellant had a right to use its railroad and run its cars thereon, that it had no right to throw burning cinders and soot and to make loud noises and disturb appellees in the enjoyment of their home and premises without paying damages therefor. Under the Constitution of the State of Kentucky, section 242, this railroad would have a right, and did, at the time it did condemn this land, have the right to do so, but at the same time it would have to pay for the property, and then use the property in a reasonable manner.

## AUTHORITIES CITED.

Clark v. Hart, 98 Ky., page 33; McDaniel v. Stums Adm'r, 23 Ky. Law Rep., 1935-38; Ist Southerland on Damages, sections 15, 16, 17 and 28; Hudson and wife v. L. & N. R. R. Co., 14 Bush, 303; L. & N. R. R. Co. v. Walton, 24 Ky. Law Rep., 9 and 10; Bramlette v. L. & N. R. R. Co., 23 Ky. Law Rep., 181; Richmond and Lancaster Turnpike Road Co. v. Madison County Fiscal Court, 24 Ky. Law Rep., 1260; 3d Southerland on Damages, vol. 4, 3d Edition, sec. 1062; City of Louisville v. Seibert, 21 Ky. Law Rep., 329; Elizabethtown, Lexington & Big Sandy Ry. Co. v. Combs, 10 Bush, 282; J. M. & I. R. R. Co. v. Esterle, 13 Bush, 677; Camden Interstate Ry. Co. v. Smiley, 27 Ky. Law Rep., 134; City of Henderson v. McClain, 19 Ky. Law Rep., 1452; Koch, &c., v. Kentucky and Indiana R. R. and Bridge Co., 26 Ky. Law Rep., 215.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

William Scomp owned a tract of land in Boyle county through which the Knoxville Branch of the Louisville & Nashville Railroad was located in the year 1865. Being unable to agree with Scomp, the railroad company filed in the the Boyle county court a proceeding to condemn the right of way through his land 66 feet wide containing 2.54 acres. Scomp was not satisfied with the judgment in the county court, and appealed to the circuit court, where he obtained a judgment for $125 for the land taken and $1,375 for the consequential damages, making in all $1,500. The railroad company then took possession of the right of way and built the railroad upon it. For many years after the railroad was built there was no station near Scomp's place. The trains passed through without stopping. About the year 1899 the railroad company, the better to carry on its business, put in a number of tracks and established a station at Scomp's place. This was due to these facts: A heavy freight business was done over the road, and one engine could pull from this point to Louisville 1 1-2 times as much as it could pull from the Tennessee line to this point. So the company made this a point for breaking up trains, and the additional tracks referred to were established for that purpose. Scomp's house and stable stood very near to the railroad, and the pike which he traveled was on the opposite side of the railroad from his house. For many years he has used a passway across the railroad in front of his house over to the pike. The establishment of the additional tracks, the stopping of the trains, and the making up of trains at this point interferred

very much with the use of the passway, and this action was filed in September, 1903, to recover damages.

In the first paragraph of the petition it was charged that within five years the defendant had built the additional tracks not considered or contemplated when the right of way was secured, and was continually moving cars upon them in close proximity to the plaintiff's residence, thereby causing loud noises, throwing soot, smoke, and cinders upon the premises, jarring them, and greatly damaging them as a habitation. For this damages were prayed in the sum of $5,000. In the second paragraph it was averred that the plaintiff owned the passway referred to, that it afforded the means of ingress and egress to and from the premises, and that since the additional tracks had been built the defendant was continually storing and putting in and taking out cars on these tracks in front of the house over the passway, running and switching cars across it in great numbers continually, thereby obstructing the passway and making it dangerous to pass over it. For this damages were prayed in the sum of $1,000. The court overruled the defendant's demurrer to each paragraph of the petition, but when the evidence came to be heard he ruled that there could be no recovery under the first paragraph and gave the jury this instruction as the law of the case: "If you believe from the evidence that prior to the institution of this action, August 31, 1903, and within five years prior thereto. the defendant built a side track and a Y near to and in close proximity to plaintiff's residence and lands for storing cars thereon and switching purposes, and in the operation of same by defendant the passway of the plaintiffs has been obstructed, so as to prevent the reasonable use of same for purposes of ingress

and egress to and from their lands, and because thereof the said lands have been depreciated in value, then you should find for plaintiffs such sum as you believe from the evidence will reasonably compensate them for such depreciation in the value of said lands, if any, because of such obstruction of said passway, not to exceed, however, the sum of $1,000; and if you do not so believe you should find for defendant.'' The jury found for the plaintiffs in the sum of $1,000, on which the court entered judgment, and the defendant appeals.

The court should have sustained the defendant's demurrer to the first paragraph of the petition, and no evidence relating to these matters should have been admitted before the jury. When the defendant condemned the right of way and took title to the strip of land condemned for the railway, it acquired the right to use it, not only for the one track which it originally built, but for such additional tracks as from time to time it may find it necessary to build or deem useful in its business. It has the right to devote the entire strip to its purposes as provided in the judgment of the court, and all damages from the use of this strip for railway purposes are included in the original assessment. The plaintiffs cannot now complain that more tracks have been laid on the land than were contemplated at that time, or that trains, instead of running by as they formerly did, are now stopped and broken up. The defendant must serve the public. It has the right to make stations on its own land as the exigencies of the public service may require, and to stop and break up its trains at any station it sees proper. When land is condemned for railway purposes, the strip is taken, not with reference alone to the present needs of the company, but for all needs which the future may develop. The plaintiff's have,

therefore, no cause of complaint that the defendant built the additional tracks referred to, or broke up its trains, or stored its cars on these tracks. There is no allegation in the petition that any of the acts of the defendant were negligently done or were unnecessary in the careful and proper operation of trains. The defendant has the right to operate its road on the strip; but it must do this in the usual and proper way, and it is liable to the plaintiffs for any damages they may sustain by the negligent and improper operation of the railway. But as the record is now presented there is neither allegation nor proof to sustain a recovery upon this ground. L. & N. R. R. Co. v. Orr, 91 Ky. 111, 12 Ky. Law Rep. 756, 15 S. W. 8; I. C. R. R. Co. v. Hodge, 55 S. W. 688, 21 Ky. Law Rep. 1479; 2 Lewis on Eminent Domain, section 565.

As to the second paragraph of the petition, the averment that the plaintiffs owned the passway is not a statement of a mere conclusion of law. The allegation that the plaintiff is the owner of certain property was a sufficient allegation at common law, and it is good under the Code. In the case of Clark v. Hart, 98 Ky. 33, 17 Ky. Law Rep. 604, 32 S. W. 216, it was averred in the petition simply that the plaintiffs had a right to go over the passway. The petition there showed that the plaintiffs did not own the passway, and it did not show any facts giving them a right to use it. The allegation here is that the plaintiffs own the passway, and this is sufficient. The proof does not show how the plaintiffs became entitled to the passway. It does not seem to have been referred to in the condemnation proceedings. The allegation in the petition that the plaintiffs owned the passway is not denied in the answer, and therefore must be taken as true on the appeal. From the facts shown it would seem prob-

able that the plaintiffs had a road out to the pike where the passway now is when the railroad was built, and that they have continued to use it since that time.  No evidence was introduced on the trial on the subject of the title to the passway, as no issue' had been formed on it; and as to what the rights of the parties are in the matter we express no opinion, as the facts are not before us.

Ordinarily a private crossing over a railroad is subject to the use of the railroad by the trains.  The persons using the passway must keep out of the way of the trains, and they can only use the passway when the track is not occupied by the trains.  The railroad has the right to use its track or tracks in the ordinary conduct of its business, and the persons claiming the passway cannot complain that the business of the railroad company is carried on in the usual way or as necessity may require.  The railroad company may not negligently obstruct the passway, or needlessly do so; but it may increase its trains as its business may require, and it may lay additional tracks, and use these tracks with its trains as its business may require.  The instruction which the court gave should have omitted all reference to the additional tracks laid by the defendant, and should only have allowed a recovery for such obstruction of the passway as was not due to the prudent and proper operation of the railway.  If the passway was simply used by the plaintiffs by acquiescence on the part of the railroad company, and was not held as a legal right, then the railroad company had a right to run its trains as it pleased, and stop them when it pleased, and the plaintiff cannot complain.  But, if the passway was held as a legal right, then the railroad company can not obstruct it negligently with its trains.  It could

only use the passway with its trains in the usual course of business, conducted with proper care. To illustrate: If the defendant, in consideration of the plaintiffs' granting it elsewhere a strip of ground, had granted the plaintiffs this passway, it would not be allowed to violate its deed, made for a valuable consideration. It could not fence up the passway, and it cannot do by indirection what it could not do directly. But the measure of damages for this is not the decrease in the value of the property from the obstruction of the passway by the building of the side tracks and the use of them by the cars. The proof shows that the turnpike crosses the railroad and may be reached on the plaintiff's own land at a distance of 200 feet from the passway. Although the railway may have negligently obstructed the passway at different times in the past, it may not negligently obstruct it in the future. The obstruction of the passway by standing cars across it is not a continuous thing. The proof shows that trains sometimes stand across the passway some minutes. On one occasion a train obstructed it for an hour, and on another occasion for half an hour. Still such obstructions may not occur again, and only damages for what has been done negligently can be recovered. The measure of recovery, if the passway is held as a legal right, is the diminution, if any, in the value of the use of the property within five years before the filing of the suit, by the obstruction of the passway from trains standing upon it an unreasonable time by reason of the negligent operation of the road. And in determining this the jury should consider the practicability of another outlet to the pike over the plantiffs' own land. See L. & N. R. R. Co. v. Carter, 86 S. W. 685, 27 Ky. Law Rep. 748.

The rule allowing a recovery of damages where

Louisville & Nashville R. R. Co. v. Scomp.

ingress and egress to and from the property has been obstructed by a railway built in a street under municipal authority has no application where, as here, the right of way over private property was condemned and the damages assessed for the land have been paid. The cases relied on for appellees are, therefore, not applicable. In Bramlette v. L. & N. R. R. Co. 112 Ky. 300, 68 S. W. 145, 24 Ky. Law Rep. 181, Bramlette's property had not been condemned under the power of eminent domain. The same is true of L. & N. R. R. Co. v. Walton, 67 S. W. 988, 24 Ky. Law Rep. 9. Where the land has been condemned and the damages paid, ingress and egress to and from the property are matters conclusively presumed to have been considered in the assessment of the damages in the condemnation suit.

There is no allegation in the second paragraph of the petition of negligence in the operation of the trains, and the defendant's demurrer to this paragraph, also, should have been sustained. On the return of the case the circuit court will allow the plaintiffs to amend their petition, and will also allow the defendant to amend its answer.

Judgment reversed, and cause remanded for a new trial.