# Chesapeake & Ohio Railway Company v. Blankenship.

(Decided November 27, 1914.)

Appeal from Lawrence Circuit Court.

Railroads—Facts Stated—Rehearing—Overruling Petition For.—
The petition for rehearing is overruled, but the facts are stated
in order to differentiate this case from the opinion in L. & N. R.
Co. v. Scomp, 124 Ky., 330, and for the further purpose of elab-
orating the conclusion reached in the opinion with reference to
damages sustained by an adjacent owner from the construction
of additional tracks upon appellant's right of way.

WORTHINGTON, COCHRAN & BROWNING, M. C. KIRK and
F. T. D. WALLACE for appellant.

M. S. BURNS and R. C. BURNS for appellee.

RESPONSE BY JUDGE SETTLE—Extending opinion and
overruling petition for rehearing.

In response to the petition for rehearing filed in this
case by the appellant, it is only necessary to say that the
opinion therein is not, as claimed by appellant, in con-
flict with the rule announced in L. & N. R. Co. v. Scomp,
124 Ky., 330. In that case it was held that where a
strip through a tract of land is condemned for railroad
purposes, the railroad is not liable to the landowner for
damages resulting from the laying of additional tracks
on the right of way not contemplated when the right of
way was secured, in the absence of negligence in the op-
eration of the road. The right of way condemned was
sixty-six feet in width. Some years after the construc-
tion of the railroad the railroad company put in a num-
ber of additional tracks and established a station at
Scomp's place. In the opinion it is said:

"When the defendant condemned the right of way
and took title to the strip of land condemned for the rail-
way, it acquired the right to use it, not only for the one
track which it originally built, but for such additional
tracks as from time to time it may find it necessary to
build or deem useful in its business. It has the right to
devote the *entire strip* to its purposes as is provided in
the judgment of the court, and all damages from the use
of *this strip* for railway purposes are included in the
original assessment."

It will be observed that the additional tracks con-
structed by the railroad company were all on the strip

or width of ground, of sixty-six feet, acquired by virtue of the condemnation proceedings without restriction as to its use of the whole for tracks, and, while there is no difference, so far as the rights acquired are concerned, between the acquisition of a right of way under the power of eminent domain and the acquisition of it under voluntary sale, in point of fact the deed under which appellant in this case acquired its right of way abutting appellee's lot, by its terms restricts the strip of land acquired to such quantity in width as is sufficient for a roadbed for a single track, and fifteen feet on each side of such track for ditches and supports for the roadbed. It had no right to construct an additional track on the fifteen feet on that side of its single original track abutting appellee's lot, as such fifteen feet is devoted by the deed to the construction of ditches or supports for the roadbed. Therefore, in constructing the additional roadbed and additional track, after appellee acquired title to his lot, and within twenty feet of his residence, appellant did a thing which it had no right to do, and had not acquired the right to do, at the time of the original construction of its roadbed and single track. It was, in part, for the emission of smoke and cinders upon appellee's residence and lot from trains standing and passing on this additional track, that a recovery was sought and had.

It will readily be seen that the facts of this case differentiate it from the case of L. & N. R. Co. v. Scomp, *supra,* and L. & N. R. Co. v. Orr, 91 Ky., 111, cited by appellant. The opinion is extended for the purpose of embracing the foregoing elaboration of the conclusion reached therein with respect to this feature of the case.

The petition for rehearing is overruled.