# Moore, et al. v. Chesapeake & Ohio Railway Company.

(Decided March 4, 1924.)

## Appeal from Boyd Circuit Court.

1. Eminent Domain—Admission of Evidence Held Harmless.—In condemnation proceeding by railroad, where a jury was authorized by the instructions to find as compensation the fair and reasonable cash value of the entire strip of land taken, considered in its relation to the entire farm, and not the fair and reasonable cash value of the portion of the land actually used or occupied by the company, landowner was not prejudiced by admission of evidence that the land taken would be occupied principally for a fill, and that the new track would be located on the old right of way, except for a certain distance.

2. Eminent Domain—No Damages Allowed Because of Construction of Additional Track on Old Right of Way, and Court Properly so Instructed.—In proceeding to condemn additional land by railroad, there was no error in telling the jury that no damages could be allowed because of the construction or operation of an additional track on the old right of way, since it will be conclusively presumed that, when the original right of way was acquired, the compensation then paid was intended to cover, not only the damages resulting from the construction and operation of a single track, but of any additional track that the company might deem necessary in the conduct of its business.

3. Eminent Domain — Instruction on Consequence of Damages, Authorizing Set-Off of Advantages, Held Proper.—In condemnation proceedings by railroad to obtain additional land for second track, court did not err, in its instruction on consequential damages, in authorizing the jury to set off against the disadvantages the advantages resulting from the prudent construction of the road on the land taken, notwithstanding objection that no benefits would inure to owner by construction of additional track.

MARTIN & SMITH and JOHN F. COLDIRON for appellants.

WORTHINGTON, BROWNING & REED, and PRICHARD & MALIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellants own a four-hundred acre farm situated on the Big Sandy river about nine miles south of Catlettsburg. For several years appellee has owned and been in possession of a right of way through his farm. Upon this right of way was a single line of railway track. For some time it has been engaged in double-tracking its system for the purpose of keeping up with the increasing

traffic. To carry out this object, it has adopted the plan of constructing second or switch tracks at numerous points along the line, with the view of connecting them in the future. To this end, it attempted to acquire an additional right of way from appellants. Being unable to agree on the price, this proceeding was instituted in the Boyd county court to condemn the necessary additional land, amounting to 3.14 acres. In that court the damages were fixed at $8,000.00, but on appeal to the Boyd circuit court, the damages were fixed at $2,860.00. From that judgment this appeal is prosecuted.

It is first insisted that the court erred in permitting witnesses for appellee to state that the additional land would be occupied principally by the railroad company for a fill, and that the new track would be located on the old right of way except for a distance of 280 feet, and in following this up by an instruction to the effect that no damages should be allowed for the construction and operation by appellee of its existing line of railroad on the right of way already acquired, or for the construction or operation of a second track thereon. The argument is that the evidence is misleading because, notwithstanding appellee's present purpose to use the additional land for a fill and construct the track principally upon the old right of way, it may at any time change its plan and construct an additional track along the entire length of the strip condemned. Not only was there no objection to the evidence complained of, but we do not regard its admission as prejudicial, as the jury was authorized by the instructions to find as compensation the fair and reasonable cash value of the entire strip of land taken, considered in its relation to the entire farm, and not the fair and reasonable cash value of that portion of the land actually used or occupied by the company.

We further conclude that there was no error in telling the jury that no damages could be allowed because of the construction and operation of an additional track on the old right of way. The original right of way was acquired for railroad purposes, and it will be conclusively presumed that the compensation then paid was intended to cover not only the damages resulting from the construction and operation of a single track, but of any additional tracks that the company might deem necessary in the conduct of its business. L. & N. R. R. Co. v. Scomp, 124 Ky. 330, 98 S. W. 1024.

Another contention is that the instruction on consequental damages should not have authorized the jury to set off against the disadvantages the advantages resulting from the prudent construction and operation of the railroad upon the land taken. The basis of this contention is that all the advantages that result from the construction and operation of the railway through a man's farm necessarily result from its original construction and operation, and that no advantages whatever accrue from the construction and operation of a second track adjacent to the first. The argument may be sound, but, after all, the question was one of fact to be decided in the light of the physical conditions, and the evidence bearing on the subject, and was properly submitted to the jury by an instruction that has often met the approval of this court.

Judgment affirmed.