## Collins v. Louisville & Nashville Railroad Company.

(Decided March 15, 1927.)

### Appeal from Perry Circuit Court.

1. Eminent Domain—Compensation for Railroad Right of Way is Presumed to Cover Damages from Prudent Operation on Additional Tracks.—Land condemned or purchased for railway purposes is acquired for all future, as well as present, needs of railroad, and, unless acquired solely for purpose of constructing a single track thereon, it will be conclusively presumed that compensation paid was also intended to cover damages resulting from prudent operation of railroad on additional tracks deemed necessary in conduct of business.

2. Railroads—Neither Grantor of Land for Railway Purposes nor His Purchaser Can Recover Damages from Operation on Additional Tracks, Without Averring Negligence.—Neither original grantors of land for railway purposes, nor their vendee, purchasing remainder of tract with notice, can recover damages from construction of additional tracks and operation of trains thereon, in absence of averment that acts complained of were negligently done or unnecessary in careful and proper operation of trains.

3. Railroads—Petition for Damages to Property from Operation of Engines on Additional Track Held to State no Cause of Action.— In action against railroad company for damages from throwing of cinders and smoke on property adjoining right of way purchased from plaintiff's grantors, petition not averring that acts complained of were negligently done or unnecessary in careful and proper operation of trains, but proceeding solely on theory that damages resulted from operation of engines on additional track constructed nearer plaintiff's premises than original track, stated no cause of action.

SCOTT E. DUFF, E. C. DUFF and H. C. EVERSOLE for appellant.

MORGAN, EVERSOLE & BOWLING, JESSE MORGAN, C. S. LANDRUM, ASHBY M. WARREN and WOODWARD, WARFIELD & HOBSON for appellee.

Opinion of the Court by Chief Justice Clay—
Affirming.

On September 12, 1910, B. F. Fugate and Green B.
Fugate sold and conveyed to the Lexington & Eastern
Railway Company a strip of land lying on the north fork
of the Kentucky river in Perry county for right of way
purposes. On July 23, 1912, the same company pur-
chased from E. F. Fugate for right of way purposes a
strip of land adjoining the original right of way acquired
from B. F. and Green B. Fugate. On October 5, 1915, the
Lexington & Eastern Railway Company conveyed all of
its right, title and interest in said strips of land and
rights of way to the Louisville & Nashville Railroad Com-
pany.

On August 29, 1913, the Fugates conveyed the re-
mainder of their land adjoining the rights of way to S. C.
Collins, who thereafter improved the premises by erect-
ing a dwelling house, planting an orchard and laying out
a garden.

Alleging that the Louisville & Nashville Railroad
Company owned the right of way, but that within the past
two years it had constructed a new track on its right of
way along the entire distance of his property, which
track was thirteen feet nearer than the original track, and
that by reason of its construction passing engines emitted
and threw upon his premises cinders and smoke in great
quantities, which was a constant nuisance to his use and
occupancy of the property, Collins brought this action
to recover damages. The defendant filed a demurrer and
also an answer denying certain allegations of the peti-
tion, and pleading, in substance, its purchase for a valu-
able consideration of the right of way from the Fugates,
and the subsequent purchase by Collins from the grantors
of the remainder of the land. Collins demurred to the
answer, and also filed an amended petition setting out at
length the items of damage. Whereupon, the defendant's
demurrer to the petition and amended petition was
sustained, and the petition dismissed. Collins appeals.

When land is condemned or purchased for railway
purposes it is acquired not solely for the present needs
of the railroad, but for all needs which the future may
develop. Hence, unless it appears that it was condemned
or purchased solely for the purpose of constructing

thereon a single track, it will be conclusively presumed that the compensation then paid was intended to cover not only the damage resulting from the prudent operation of the railroad on a single track, but all damages that might result from its prudent operation on such additional tracks as the company might deem necessary in the conduct of its business. Therefore, neither the original grantors, nor their vendees, who purchased with notice, can recover any damages growing out of the construction of additional tracks and the operation of trains thereon, in the absence of an averment that the acts complained of were negligently done, or were unnecessary in the careful and proper operation of trains. Moore, et al. v. C. & O. Ry. Co., 202 Ky. 339, 259 S. W. 695; Louisville & N. R. Co. v. Scomp, 124 Ky. 330, 98 S. W. 1024. Since the petition as amended contains no such averment, but proceeds solely on the theory that the damage resulted from the operation of engines on an additional track, which had been constructed nearer to appellant's premises than the original track, it is clear that no cause of action was stated, and that the demurrer to the petition was properly sustained.

Judgment affirmed.