## Chesapeake & O. Ry. Co. v. Castle.

### (Decided Feb. 3, 1933.)

BROWNING & DAVIS and KIRK & WELLS for appellant.
I. G. RICE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Lewis Castle sued the Chesapeake & Ohio Railway Company for $3,000 alleged depreciation in the vendible value of his land by what he alleges to be the destruction of his means of reaching the public road; he

recovered $800, and the railway company has appealed.

Plaintiff's tract contains about 30 acres. It is near Paintsville and formerly bordered upon the Levisa fork of the Big Sandy river, and a public road ran along this river and through this land, by means of which the occupants of this land then went to the county seat, etc.

About 1905 or 1906 a railroad was constructed along this river, and by some means not disclosed in this record a 100-foot strip was taken for railroad purposes. The present location of the railroad is between where the public road then was and the river; but in constructing the railroad, and as a part of its plan, this public road was moved and located between the railroad and the river, and to enable those occupying the land now belonging to the plaintiff to reach the public road as relocated a crossing was constructed by the railroad company by which occupants of plaintiff's property crossed the railroad and thus reached the public road. The railroad company maintained this crossing, and the occupants of the plaintiff's land used it until about the year 1924 or 1925 when the original railroad track was moved over a little nearer the river and a second track was constructed between the plaintiff's property and the first track, and the grade of both tracks, already on a high fill, was raised about 20 inches, as a result of which this crossing which had theretofore been none too good now became impassable; and after enduring this situation for a year or so the plaintiff sued with the result noted.

No complaint is made of the amount of the recovery, the sufficiency of the evidence or the instructions, except the railway company contends it was entitled to a directed verdict in its favor, first, because as it says the plaintiff failed to prove any grant of right to use this crossing, and that in the absence thereof plaintiff's use of this crossing must be presumed to be permissive. The fallacy of this contention is the public road was there, and its occupants were using the public road and had convenient access thereto before the railroad was constructed; the public road was put upon the opposite side of the railroad by and for the convenience of the railway company, and that it then provided this crossing to enable the plaintiff's predecessors to reach the public road as thus relocated. Now

having rendered this crossing impassable, it is in no position to complain of the award to the plaintiff.

The next ground upon which it contends for a directed verdict is that granting plaintiff's use of this crossing was a matter of right, that there can be no recovery for any destruction of it which is the result of necessary additions to or changes in the railroad tracks, structures, or roadbed, and in support of this it relies upon the opinion in Louisville & N. R. Co. v. Scomp, 124 Ky. 330, 98 S. W. 1024, 30 Ky. Law Rep. 487; but that opinion does not sustain its contentions.

Plaintiff's deed shows his property abuts on the west side of the public road for 216 feet, the railway company has shut off his access to it, without showing a right to do so, the resulting damages it must account for, the evidence sustains the verdict, and it was rendered after the jury upon motion of the railway company had been sent to view the premises.

Judgment affirmed.