## Carter et al. v. Terrell et ux.

(Decided Jan. 11, 1938.)

J. B. CAMPBELL for appellants.

H. H. OWENS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

On August 10, 1925, Gillis Terrell and wife sued Mrs. Lude Elliott Carter and others, alleging that "they are the owners" of a certain parcel of land on Eaton Fork of Indian Creek in Knox county, described by metes and bounds, and charging that the defendants had trespassed upon and damaged their land. The plaintiffs prayed that they be adjudged to be the owners of the land; the defendants be enjoined; and they have judgment for $200. damages. The answer traversed those allegations. As a counterclaim, it set up that the defendants had legal title to, were the owners and in the actual possession of,. two parcels of land, which were also described by metes and bounds. It was charged that the tract described in the petition conflicts with and embraces portions of each of those parcels, and that to the extent of the lap the defendants were the owners of the legal title by record and adverse possession. The defendants asked the dismissal of the petition and a transfer of the case to equity, with a quieting of their title. Terrell gave his deposition and died before the submission of the case. It was revived by his widow and heirs and judgment rendered in August, 1934, in favor of the plaintiffs.

No other evidence was heard than that of Terrell, and the appellants seek a reversal of the judgment upon the ground that neither the pleading nor the proof supports the judgment.

Terrell deposed that he had owned the "land in controversy" for nineteen years, having received a deed to it from his father, in consideration for which he agreed to pay his father each year during his life 12½ bushels of sound corn. He filed his deed as a part of his deposition. The parcel was a part of a 100-acre tract which his father had patented April 25, 1882. He also filed the patent and a plat made by a surveyor for his father. The witness stated that he was present when the survey was made and of course knew the lines and corners. He and his father had cleared part of the

land at the time it was patented, and they had used it ever since as a farm, and cut timber off it without interference. In answer to the question, "Do you own all the boundary that is in dispute?" he answered, "Yes, I don't think it laps on any of the rest."

The argument is that: (1) The pleading and evidence that the plaintiffs "owned" the property is only a conclusion, and (2) there is no description in the evidence so that the land claimed can be identified as the same described in the petition.

Ordinarily the statement in judicial proceedings that one is the owner of property is regarded as a conclusion. In pleading ownership it is usual to allege that a party has the legal title to the property, but upon reason and authority it was held in Louisville & N. Railroad Company v. Scomp, 124 Ky. 330, 98 S. W. 1024, 30 Ky. Law Rep. 487, that the allegation in a petition that the plaintiffs owned a passway was good. Considering all the allegations of the petition in association with the facts that the answer and counter-claim raised the issue of legal title (cf. Southern Oil Company v. Holman, 196 Ky. 250, 244 S. W. 762), we think the petition is sufficient.

In the matter of insufficient identification of the property, the appellant relies upon Hall v. Cotton, 167 Ky. 464, 180 S. W. 779, L. R. A. 1916C, 1124, in which the sufficiency of identification of property described in a contract of sale or such other instrument is discussed. That was a suit to enforce specific performance of a contract of sale where the land was described simply as being the party's farm of a certain number of acres. The case is not in point. Here the witness, Terrell, referred to the "property in controversy" throughout his testimony. He filed his deed, patent, and survey, which he stated covered that very property. Those instruments are not in the record. The appellant having failed to bring them here, under well-established rules, we must presume that a comparison would show the land covered by them is the identical property described in the petition, and that the evidence supports the judgment of the chancellor. Burger v. Allen, 211 Ky. 742, 277 S. W. 1032. The defendants did not undertake to deny the evidence in any manner or degree, or endeavor to establish any title in themselves.

The judgment is affirmed.