# Whinery v. Crawford

(Decided April 26, 1938.)

KENNEDY & KENNEDY and R. C. TARTAR for appellant.
B. J. BETHURUM for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellee, Kate S. Crawford, brought an action in equity in the Pulaski circuit court to quiet title to a parcel of land located in Somerset. In her petition, she alleged that she had the legal title to and was in actual possession of the house and lot thereinafter described, and that it was the same property conveyed to A. J. Crawford by Mrs. E. C. Crawford February 6, 1909; that the defendant, A. J. Whinery, claimed a one-fifth undivided interest in the property under and by virtue of the will of Flora E. Crawford dated June 4, 1925, which contained this clause: "I will my one-fifth undivided interest in Mt. Vernon street home now occupied by my brother, A. J. Crawford, to my nephew, Andrew J. Whinery, of East Orange, N. J."; that the deceased, Flora E. Crawford, had no claim or interest in said house and lot of land; and that the claim made by the defendant, under and by virtue of Flora E. Crawford's will, was unfounded and a cloud upon plaintiff's title. In an answer and counterclaim, the defendant alleged that he and the plaintiff were joint owners of the property; that she owned a four-fifths interest and that he owned the remaining one-fifth; and that these interests were acquired by the respective owners as follows:

The property was owned by John Crawford, who died intestate, leaving surviving him five children, including A. J. Crawford and Flora E. Crawford, each of whom inherited a one-fifth interest in the property; that A. J. Crawford purchased the interests of three of his brothers and sisters, and upon his death devised all of his property, including the four-fifths interest in the house and lot in question, to his wife, the plaintiff, Kate S. Crawford; that Flora E. Crawford died, leaving a will containing the provision set out in the petition and by which the defendant became the owner of her one-fifth interest. He asked that the property be sold, and the proceeds divided among the joint owners. The plaintiff filed a pleading styled "reply and counterclaim," in which she admitted that she acquired title to an undivided four-fifths interest in the property by devise from her husband, and that Flora E. Crawford inherited a one-fifth undivided interest upon the death of her father, John Crawford. As to the interest of Flora E. Crawford, she alleged that she and those under whom she claimed had acquired title thereto by

adverse possession, and she asked that she be adjudged to be the owner thereof. The defendant filed a rejoinder traversing these allegations, and, at the same time, filed a motion to transfer the cause to the ordinary docket, which was sustained. The defendant later filed an amended answer, and thereafter he filed a motion to strike the plaintiff's reply because the cause of action set out therein was inconsistent with the cause of action set out in the petition, and because the cause of action set up in the reply could only be set up in an amended petition. This motion was overruled. The issues were completed by further pleadings, and, although the case had been transferred to the ordinary docket for the trial of an issue out of chancery, a jury was not called and proof was heard orally by the court. It was agreed by the parties that the oral testimony of the witnesses heard by the court, when transcribed by the official reporter, should be treated as the depositions of the witnesses. The court adjudged that the plaintiff, Kate S. Crawford, was the owner of the undivided one-fifth interest in the property claimed by Andrew J. Whinery, and the defendant has appealed.

Appellant insists that much of the testimony, particularly that of Mrs. Kate S. Crawford, was incompetent. We think his contention in this respect is correct, and we have eliminated such evidence in our consideration of the case. It is also argued that the motion to strike the pleading styled "reply and counterclaim" should have been sustained, since it contained matter, to wit, a plea of adverse possession, which, under the provisions of section 98 of the Civil Code of Practice, could only be pleaded in an amended petition, and therefore the plaintiff was not entitled to affirmative relief thereunder. This contention cannot be sustained. Even if it be conceded that the defendant did not waive the defect, if any, by filing a rejoinder and an amended answer before the motion to strike was filed, proof of title by adverse possession was admissible under the general allegations of the petition that the plaintiff was the owner of the property. Carter v. Terrell, 271 Ky. 449, 112 S. W. (2d) 687. The matter contained in the reply was not inconsistent with the petition, but was in avoidance of a defense stated in the answer, which is permitted by the Code. Early v. Early, 182 Ky. 757, 207 S. W. 466. See, also, Louisville Joint Stock Land Bank v. Bank of Pembroke, 225 Ky. 375, 9

S. W. (2d) 113; Rounds & Jesse v. Cloverport F. & M. Co., 159 Ky. 414, 167 S. W. 384, Ann. Cas. 1915D, 40; Ruffner v. Ridley, 81 Ky. 165.

The only question in the case possessing merit is one of fact, and the correctness of the judgment rests entirely on the authenticity of a writing dated March 6, 1918, bearing what purports to be the signature of Flora E. Crawford, which appellant claims is a forgery. The evidence shows that the property in question was owned by John Crawford, and, upon his death, was inherited by his five children subject to the dower interest or homestead rights of his widow. A. J. Crawford, one of John Crawford's children, purchased the interests of three of his brothers and sisters, and he and his wife, the appellee, Kate S. Crawford, moved into the house in November, 1891, and lived there continuously until A. J. Crawford's death in 1930. The appellee has occupied the house since her husband's death. In 1896 A. J. Crawford filed a petition in bankruptcy, and his four-fifths undivided interest in the property was sold by the trustee in bankruptcy and purchased by his mother, who conveyed it back to him in 1909. On July 14, 1909, A. J. Crawford and his sister, Flora E. Crawford, executed a writing which recited that A. J. Crawford was the owner of an undivided four-fifths interest in the property located on the north side of Mt. Vernon street in the city of Somerset, known as the "Old John Crawford homestead," and Flora E. Crawford was the owner of the remaining undivided one-fifth interest. By this writing Flora E. Crawford leased to her brother, A. J. Crawford, her interest in the property so long as he continued to occupy it for an annual rental of $60, payable in semiannual installments on the first day of January and July of each year. Flora E. Crawford executed her will on June 4, 1925, which contained the provision heretofore quoted, devising her one-fifth interest in the property to her nephew, Andrew J. Whinery. A. J. Crawford died March 4, 1930, leaving a will dated April 17, 1922, in which he devised all of his property to his wife, Kate S. Crawford. Flora E. Crawford died in 1932, and Kate S. Crawford brought this action to quiet her title to the property on September 11, 1936. The appellee introduced a number of witnesses who testified that A. J. Crawford had lived in the house on the lot in question for more than forty years, and had always

referred to it as his home.   This evidence was wholly without probative value to establish title by adverse possession.   By the writing executed July 14, 1909, A. J. Crawford admitted that he and Flora E. Crawford were joint owners of the property, and thereafter they were not only joint owners, but A. J. Crawford was a tenant of Flora E. Crawford as to her one-fifth interest.   In order to establish title by adverse possession, it was necessary to show that he was claiming as his own the one-fifth interest of Flora E. Crawford, and that she had notice of such claim.   There is proof that during 1917 and 1918 A. J. Crawford made extensive repairs to the house, in fact, that he practically rebuilt it.   The house was old, inconvenient, and in bad repair. The proof shows that he spent eight or ten thousand dollars in remodeling it.   At the time these improvements were made, Flora E. Crawford lived in a house on the adjoining lot.   Appellee introduced as a witness Mrs. Emma Spencer, who identified a writing dated March 6, 1918, signed by Flora E. Crawford and witnessed by Emma Spencer and Kate S. Crawford, which reads as follows:

"March 6, 1918.

"In view of the many acts of kindness, brotherly love and financial assistance given me by my brother A. J. Crawford and as he has erected valuable buildings on the property left by our father on Mt. Vernon St. Somerset, Ky. I feel he is entitled to the entire property and should be sole owner of same and I hereby relinquish all claims I may have against the said property in his favor, hoping by this act to partly repay him for the many things he has done for me in the past.

"Flora E. Crawford

"Witness—
"Emma Spencer
"Kate S. Crawford"

Appellee did not rely upon this writing as a source of title, but as evidence in support of her claim of title by adverse possession, showing notice to Flora E. Crawford of her brother's claim to her interest in the property.   If the signature on this writing is the genuine signature of Flora E. Crawford, the judgment of the chancellor is correct.   On the other hand, if it is a forgery as claimed by appellant, the other evidence was

not sufficient to authorize the judgment. The original writing was introduced in evidence. The body of the instrument was typewritten. The lease contract dated July 14, 1909, and Flora E. Crawford's will dated June 4, 1925, each bearing the signature of Flora E. Crawford, which is admittedly genuine, were introduced in evidence for the purpose of comparison. The appellant introduced five witnesses who were officers or employees of various banks in Somerset, and who qualified as experts in handwriting. Some of them were familiar with the handwriting of Flora E. Crawford. All of them testified that the signature on the instrument dated March 6, 1918, purporting to be the signature of Flora E. Crawford, was not her genuine signature. Appellee introduced in rebuttal J. Ernest Sears, cashier of the Citizens National Bank of Somerset, and Louis E. Waddle, an employee of the Citizens National Bank, and each of them, after qualifying as an expert in handwriting, testified that the same person could have signed the three writings which were submitted to them. The only direct testimony as to whether or not the writing of March 6, 1918, was signed by Flora E. Crawford, eliminating the testimony of appellee, Kate S. Crawford, is that of Emma Spencer. She testified that she is the wife of Charles Spencer, and has lived in Cincinnati for ten or eleven years. She and her husband formerly lived in Somerset, and for five or six years lived on east Mt. Vernon street directly opposite the home of A. J. Crawford. She was frequently in the Crawford home, and on one occasion, while there for the purpose of using the telephone, she was asked to witness the signature of Flora E. Crawford to the writing in question. She testified positively that she saw Flora E. Crawford sign the paper, and that she and Mrs. Kate S. Crawford signed it as witnesses. Flora E. Crawford gave her the paper and asked her to read it, and she heard part of the conversation between Flora E. Crawford and A. J. Crawford concerning the improvements that were then being made on the house, and also to the effect "that they were glad they had that all fixed up—that it had been neglected for some time."

The only evidence, other than certain circumstances stressed by appellant, contradictory of the positive and direct testimony of Mrs. Spencer, is the testimony of the five handwriting experts to the effect that the sig-

nature on the writing dated March 6, 1918, purporting to be the signature of Flora E. Crawford, is not her true signature. There is conflict in the expert testimony, and no attempt was made to impeach Mrs. Spencer. The two writings bearing the admittedly. genuine signature of Flora E. Crawford and the one with the signature, the genuineness of which is in dispute, have been made a part of the record, and, after an inspection of them in the light of the evidence, we are unable to say they were not made by the same person. The signatures on the lease contract dated July 14, 1909, and the will dated June 4, 1925, are similar in some respects and dissimilar in others. The same can be said of the signature in dispute when it is compared with the two admittedly genuine signatures. On the one side is the positive testimony of Mrs. Emma Spencer that she saw Flora E. Crawford sign the writing dated March 6, 1918, and the testimony of two handwriting experts that the signature was similar to the signatures on the will and the lease contract, and could have been made by the same person. On the other is the testimony of five handwriting experts to the effect that the signature in dispute is not that of Flora E. Crawford.

It is argued that, in addition to this testimony, certain facts and circumstances tend to show the falsity of the 1918 paper, particularly the fact that Flora E. Crawford in 1925 in her will devised a one-fifth interest in the property, and that A. J. Crawford, an astute business man, did not have his sister execute a deed conveying to him her interest in the property instead of the writing in question. On the other hand, certain facts shown by the evidence tend to support the claim of authenticity of the writing. It is unreasonable to believe that A. J. Crawford, a man of wide business experience, would expend eight or ten thousand dollars on property having little value without an understanding of some kind with the joint owner. There is little evidence, aside from the provision in Flora E. Crawford's will, that she claimed an interest in the property subsequent to 1918. She lived more than two years after the death of A. J. Crawford, and made no claim during that time, although the property was being used and claimed as her own, under the will of her husband, by the appellee, Kate S. Crawford. These circumstances have weight as evidence pro and con only as they bear on the crucial question in the case, that is: Is the name

of Flora E. Crawford on the paper dated March 6, 1918 a forgery? To say that it is, we must hold that the opinion evidence of experts, which is conflicting, overcomes the positive testimony of Mrs. Spencer that she was an eyewitness to the execution of the disputed writing. This and other courts have frequently said that opinion evidence of experts is the weakest evidence known to the law. Security Finance Co. v. A. L. Cook & Son, 223 Ky. 124, 3 S. W. (2d) 187; Kentucky Traction & Terminal Co. v. Humphrey, 168 Ky. 611, 182 S. W. 854. It has probative value, however, and its weight and the credibility of the witnesses are matters for the fact-finding tribunal. Agsten v. Brown-Williamson Tobacco Corp., 272 Ky. 20, 113 S. W. (2d) 829. On the question of authenticity, the testimony of a witness who saw the signature made is better than the testimony of a handwriting expert. Polley v. Cline's Ex'r, 263 Ky. 659, 93 S. W. (2d) 363. In Wilson's Adm'r v. Keeling, 50 S. W. 539, 20 Ky. Law Rep. 1923, it was said:

"As a defense to the claim of purchase a plea of non est factum is interposed to the title bond. W. H. Hardin testified that he prepared the paper at the instance of Wilson, and that it was dictated by him, and that he signed it. He proves its execution. To avoid the effect of this evidence, the plaintiff endeavored to show that the signature was not in the handwriting of Wilson. Hardin stands unimpeached, and, if he is a credible witness, his testimony is of far greater value than the opinion of witnesses that the signature is not genuine."

The appellant did not see fit to attack the character or reputation of Mrs. Spencer, and the proof introduced to contradict her testimony is insufficient to authorize us to convict her of forgery and perjury in the face of the finding of the chancellor who saw and heard the witnesses. Wright's Ex'r v. Simpson, 232 Ky. 148, 22 S. W. (2d) 583.

The judgment is affirmed.